## FOUR HUNDRED AND FORTY-THREE CANS OF FROZEN EGG PRODUCT v. UNITED STATES.

### APPEAL FROM AND IN ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 590. Argued October 24, 25, 1912.—Decided December 2, 1912.

The provision in § 10 of the Pure Food Act of June 30, 1906, 34 Stat. 768, c. 3915, that proceedings for seizure of goods shall be by libel and conform, as near as may be, to proceedings in admiralty, does not include appellate proceedings; the action of the District Court on the libel can only be reviewed as at common law by writ of error and not by appeal.

When Congress enacted the Pure Food Act it was known that as to seizures on land the District Court proceeded as in actions at common law.

The provision for jury trial in § 10 of the Pure Food Act was probably inserted by Congress with a view to removing any question of constitutionality of the act.

While proceedings for seizure and condemnation under § 10 of the Pure Food Act are intended to be summary, the owner, as this court construes the statute, has a right to a hearing in a court of record, with a right of review upon questions of law by writ of error in the Circuit Court of Appeals, and where more than $1,000 is involved finally in this court under § 6 of the Circuit Court of Appeals Act.

As the Circuit Court of Appeals had no jurisdiction to review the action of the District Court on a libel filed under the Pure Food Act, neither its own action thereon nor the consent of the parties could give such jurisdiction.

Where the Circuit Court of Appeals proceeds without jurisdiction this court should, on acquiring jurisdiction of the cause, remand it to the Circuit Court of Appeals with instructions to dismiss the appeal for want of jurisdiction.

193 Fed. Rep. 589, reversed.

THE facts are stated in the opinion.

*Mr. Ralph S. Rounds* for appellant and plaintiff in error:
The proceeding was one at common law which the Circuit Court of Appeals could acquire no jurisdiction to re-

view by appeal, and appeal having been taken and not error, the judgment reversing the decree of the trial court is void for lack of jurisdiction.

Although this statute prescribes that the proceedings shall conform "as near as may be to the proceedings in admiralty," the proceeding being a seizure on land ·is, in its nature, a common-law proceeding. *The Sarah*, 8 Wheat. 391; *Morris's Cotton*, 8 Wall. 507; *United States ·v. Bales of Cotton*, 154 U. S. 556; *Union Insurance Co.* v. *United States*, 6 Wall. 759; *Armstrong's Foundry*, 6 Wall. 766; *St. Louis Street Foundry*, 6 Wall. 770; *United States* v. *Emholt*, 105 U. S. 414.

The objection that the case was not properly before the Circuit Court of Appeals on appeal is jurisdictional and could not be waived. Consent will not give jurisdiction. *Brooks* v. *Norris*, 11 How. 204; *Barry* v. *Mercien*, 5 How. 103; *United States* v. *Curry*, 6 How. 106; *Jones* v. *La Vallette*, 5 Wall. 579; *Sarchet* v. *United States*, 12 Pet. 143; *Ballance* v. *Forsyth*, 21 How. 389; *Kelsey* v. *Forsyth*, 21 How. 85; *The Lucy*, 8 Wall. 307; *United States* v. *Emholt*, 105 U. S. 414.

The Circuit Courts of Appeals of the several circuits have given effect to the statute by consistently following the rule laid down by the Supreme Court. *Stevens* v. *Clark*, 62 Fed. Rep. 321; *De Lemas* v. *United States*, 107 Fed. Rep. 121; *Nelson* v. *Huidekoper*, 66 Fed. Rep. 616; *Leo Lung On* v. *United States*, 159 Fed. Rep. 125; Taylor on Jurisdiction of U. S. Supreme Court, § 119.

The practice followed by this court in cases where the trial court or intermediate appellate court is without jurisdiction is to reverse the decree and to direct the inferior court to dismiss the proceeding. *Mordecai* v. ·*Lindsay*, 19 How. 199; *Stickney* .v. *Wilt*, 23 Wall. 150, 162; *United States* ·v. *Huckabee*, 16 Wall. 414, 435.

The Circuit Court of Appeals did not have, and could ·not by any procedure obtain, the right to review the

judgment below upon the facts, and its action in doing so was reversible error.

Proceedings of condemnation under the Pure Food Act are triable by jury under § 566, Rev. Stat., and where an issue of fact has been raised and trial had before the court without a jury, no question is open for review by the Circuit Court of Appeals, except those arising upon the process, pleadings or judgment, because there is no statutory or common-law provision allowing the review of the proceedings on trial in such a case. *Campbell* v. *Boyreau,* 21 How. 223; *Rogers* v. *United States,* 141 U. S. 548.

A proceeding for the condemnation of property on land is a common-law proceeding. *The Sarah,* 8 Wheat. 391; *Morris's Cotton,* 8 Wall. 507; *Union Insurance Co.* v. *United States,* 6 Wall. 759; *Armstrong's Foundry,* 6 Wall. 766; *United States* v. *Emholt,* 105. U. S. 414; *Parsons* v. *Bedford,* 3 Pet. 433; *Insurance Co.* v. *Comstock,* 16 Wall. 258; § 566, Rev. Stat.; *Parsons* v. *Bedford et al.,* 3 Pet. 433, 447.

It follows that unless a jury is waived a proceeding of condemnation under the Pure Food Act, being a common-law proceeding, must be tried before a jury, unless the provisions of § 566, Rev. Stat., have been modified or repealed by the provisions of that act.

If a jury is waived, however, the procedure is so irregular that an appellate court can acquire no jurisdiction to review the proceedings had at trial, although the judgment is not erroneous and will be upheld. *Kearney* v. *Case,* 12 Wall. 275. See § 10 of the Pure Food Act, cited with approval in *White* v. *United States,* 191 U. S. 545, 551.

Where Congress has changed the rule that common-law cases shall be tried by a jury, it has done so in plain and unmistakable terms. Sections 648, 649, Rev. Stat., authorize trials in the Circuit Court without a jury.

The trial had in the District Court being a trial of a common-law cause and a jury having been waived, the

judgment of the court was not open for review even upon writ of error, except as to errors arising from the process, pleadings or judgment. See *Dirst* v. *Morris*, 14 Wall. 484; *Insurance Co.* v. *Folsom*, 18 Wall. 237; *Cooper* v. *Omohundro*, 19 Wall. 65; *Martinton* v. *Fairbanks*, 112 U. S. 670; *Wilson* v. *Merchants' Loan & Trust Co.*, 183 U. S. 121; *Distilling & Cattle Feeding Co.* v. *Gottschalk Co.*, 66 Fed. Rep. 609; *Hill* v. *Walker*, 167 Fed. Rep. 241; *Bond* v. *Dustin*, 112 U. S. 604; *Dundee Mortgage Co.* v. *Hughes*, 124 U. S. 157; *Spalding* v. *Manasse*, 131 U. S. 65.

*Mr. Assistant Attorney General Adkins*, with whom *Mr. Louis G. Bissell* was on the brief, for the United States:

Congress has provided for the review of libels under the Food and Drugs Act by appeal where a jury trial is waived.

The entire proceedings, with the exception stated, are to conform to those in admiralty. The word "proceedings" covers all steps taken in a case from its inception, including those necessary to remove the case to a higher court for review. *O'Dea* v. *Washington County*, 3 Nebraska, 118; *Campbell* v. *United States*, 224 U. S. 99; *United States* v. *779 Cases of Molasses*, 174 Fed. Rep. 327.

*Deland* v. *Platte County*, 155 U. S. 221; *Oklahoma City* v. *McMaster*, 196 U. S. 529, are not pertinent, for Congress had not there prescribed the appellate procedure in the event of waiver of a jury trial.

But if appellant's construction were correct, the objection was waived in the Circuit Court of Appeals. *Mordecai* v. *Lindsay*, 19 How. 199; *Stickney* v. *Wilt*, 23 Wall. 150, distinguished.

The question of the proper method of review is important because of the uncertainty in the lower courts.

In some cases the review has been by appeal, *United States* v. *65 Casks of Liquid Extract*, 175 Fed. Rep. 102;

*United States* v. *74 Cases of Grape Juice,* 189 Fed. Rep. 331; and in others it has been by writ of error. *United States* v. *779 Cases of Molasses,* 174 Fed. Rep. 325; *United States* v. *275 Cases of Tomato Catsup,* 185 Fed. Rep. 405; *Hudson Manufacturing Co.* v. *United States,* 192 Fed. Rep. 920; *Henning* v. *United States,* 193 Fed. Rep. 52.

The trial in the Court of Appeals was properly a new trial upon the whole record.

Under the admiralty practice the appeal removed into the appellate court the entire record for a new trial.

The original Judiciary Act of 1879 provided for the review of equity and admiralty cases by writ of error, and under that act this court could consider only matters of law in such cases.

The act of March 3, 1803, 2 Stat. 244, now § 692, Rev. Stat., restored the old practice, and provided for the right of review in admiralty cases by appeal. Under that act this court tried the case *de novo. Yeaton* v. *United States,* 5 Cranch, 281; *Irvine* v. *Hesper,* 122 U. S. 256; *Munson S. S. Line* v. *Miramar S. S. Co.,* 167 Fed. Rep. 690.

Under act of February 16, 1875, 18 Stat. 315, it was held that this court was limited to questions of law as before the act of 1803. *The Abbotsford,* 98 U. S. 440; *The Francis Wright,* 105 U. S. 381.

The Circuit Court of Appeals Act of March 3, 1891, transferred appellate jurisdiction in admiralty causes to the courts of appeals and made their jurisdiction final. This part of the act has become § 128 of the Judicial Code.

The courts of appeals for the several circuits have agreed in holding that the act of 1875 was not applicable to admiralty appeals from the District Courts, but that the case is brought up for trial *de novo* in accordance with the practice in this court before 1875. *The Philadelphian,* 60 Fed. Rep. 423; *The Havilah,* 48 Fed. Rep. 684; *Munson S. S. Line* v. *Miramar S. S. Co.,* 167 Fed. Rep. 960; *The E. A. Packer,* 58 Fed. Rep. 251; *Earn Line S. S. Co.* v.

*Ennis*, 165 Fed. Rep. 633; *The Brandywine*, 87 Fed. Rep. 652; *City of Cleveland* v. *Chisholm*, 90 Fed. Rep. 431; *Royal Exch. Assurance* v. *Graham*, 166 Fed. Rep. 32; *Pioneer Fuel Co.* v. *McBrier*, 84 Fed. Rep. 495; *The State of California*, 49 Fed. Rep. 172; *The Bailey Gatzert*, 179 Fed. Rep. 44.

The jurisdiction of the Circuit Court of Appeals is final, and the appeal and writ of error herein must be dismissed. See § 128 of the Judicial Code.

Congress never intended to cast upon this court the burden of deciding every case of this character where the amount involved might exceed one thousand dollars.

Such has been the practical construction of this act during the six years of its enforcement. Of the thousands of suits under it but few have come to this court. Two were criminal cases, brought here by the Government under the Criminal Appeals Act of 1907, *United States* v. *Johnson*, 221 U. S. 488; *United States* v. *Morgan*, 222 U. S. 274, while a forfeiture case (*Hipolite Egg Company* v. *United States*, 220 U. S. 45, 49), was heard on a question of jurisdiction certified by the District Court; the fourth case (*United States* v. *Antikamnia Chemical Company*, No. 455, this term) arose in the District of Columbia, and the appeal is governed by other statutes.

This is the only case therefore in which it has been claimed that the decision of the Circuit Court of Appeals is not final.

The writ of error and the appeal should be dismissed.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here on both writ of error to and appeal from a decree of the Circuit Court of Appeals for the Third Circuit, reversing the judgment of the United States District Court for the District of New Jersey dismissing a libel brought by the United States which had for its object the condemnation of four hundred and forty-three

cans of frozen egg product seized under the Pure Food Act of June 30, 1906 (34 Stat, 768, c. 3915).

The United States filed its libel alleging that four hundred and forty-three cans of frozen egg product, in the possession of the Merchants' Refrigerating Company at Jersey City, New Jersey, consisted in whole or in part of a "filthy, decomposed and putrid animal, to wit, egg substance," and praying for their condemnation. At the trial the issues were narrowed so as to exclude filthy and putrid substances, leaving the charge to stand as to decomposed substance. Three hundred and forty-two cans were seized. The H. J. Keith Company appeared and claimed the goods, denying the charges concerning them. The case was tried without a jury to the District Judge, who entered a decree dismissing the libel. The United States took an appeal to the Circuit Court of Appeals, and, after consideration in that court, the decree dismissing the libel was reversed and, upon the facts, a decree of condemnation in favor of the Government was entered. 193 Fed. Rep. 589. The claimant, the H. J. Keith Company, thereupon appealed to this court, and also sued out a writ of error to the same decree.

We are met at the outset with a question of jurisdiction. Section 10 of the Pure Food Act provides:

"That any article of food . . . that is adulterated or misbranded within the meaning of this Act, and is being transported from one State . . . to another for sale, . . . shall be liable to be proceeded against in any district court of the United States within the district where the same is found, and seized for confiscation by a process of libel for condemnation. . . . The proceedings of such libel cases shall conform, as near as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in any such case, and all such proceedings shall be at the suit of and in the name of the United States."

It will be observed that the last sentence of the section provides that "the proceedings of such libel cases shall conform, as near as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in any such case, and all such proceedings shall be at the suit of and in the name of the United States." The contention of the Government upon this question of jurisdiction is, that the words, "conform, as near as may be, to the proceedings in admiralty," mean, except in cases where jury trial is demanded, to include appellate proceedings, as well as original proceedings in the District Court, and therefore the review of the judgments of the District Court would be by appeal to the Circuit Court of Appeals, as in admiralty cases under the Circuit Court of Appeals Act (26 Stat. 826, c. 517) and under the Judicial Code (36 Stat. 1087, 1133, c. 231, § 128). If that is a proper construction of the statute, then the Circuit Court of Appeals had the right to review the case upon the facts and enter a final decree, which, under the Circuit Court of Appeals Act and Judicial Code, would be reviewable here only upon writ of certiorari.

The appellant, also plaintiff in error, contends that the seizure being upon land, the proceeding was at law and reviewable only upon writ of error in the Circuit Court of Appeals; that the attempted appeal did not give the Circuit Court of Appeals jurisdiction, and that upon the writ of error here this court should reverse the judgment and remand the case to that court with directions to dismiss the appeal.

The determination of this controversy requires some examination of previous legislation and of the decisions of this court interpreting such legislation as to the nature and extent of the jurisdiction of the District Courts of the United States in seizure cases.

The Judiciary Act of 1789 (1 Stat. 73, 76, c. 20, § 9) gave to the District Courts:

"Exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas; saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and . . . also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States."

In the case of *The Sarah*, 8 Wheat. 391, a libel was filed against 422 casks of wine alleging a forfeiture by false entry. It appearing in the course of the trial that the seizure was made on land, it was held that this court could not review the case save upon writ of error. Chief Justice Marshall, delivering the opinion of the court, said (p. 394):

"By the act constituting the judicial system of the United States, the district courts are courts both of common law and admiralty jurisdiction. In the trial of all cases of seizure on land, the court sits as a court of common law. In cases of seizure made on waters navigable by vessels of ten tons burthen and upwards, the court sits as a court of admiralty. In all cases at common law, the trial must be by jury. In cases of admiralty and maritime jurisdiction, it has been settled, in the cases of *The Vengeance* (reported in 3 Dallas' Rep. 297); *The Sally* (in 2 Cranch's Rep. 406) and *The Betsy and Charlotte* (in 4 Cranch's Rep. 433), that the trial is to be by the court.

"Although the two jurisdictions are vested in the same tribunal, they are as distinct from each other as if they were vested in different tribunals, and can no more be blended, than a court of chancery with a court of common law."

A statute, practically the same, with some slight changes, was embodied in § 563 of the Revised Statutes,

subdivision 8, giving the District Courts jurisdiction "of all civil causes of admiralty and maritime jurisdiction . . . and of all seizures on land and on waters not within admiralty and maritime jurisdiction," the sub-division mentioned omitting the provision found in the section of the Judiciary Act of 1789 to which we have referred as to seizures "within their respective districts," and including cases of "seizures on land and on waters not within admiralty and maritime jurisdiction." Under this statute it has been uniformly held that the District Court as to seizures on land proceeds as a court of common law with trial by jury and not as a court of admiralty. *United States* v. *Winchester*, 99 U. S. 372.

Questions analogous to the one here came before this court in construing the Confiscation Acts enacted in 1861 and 1862. This court, in *Union Insurance Co.* v. *United States*, 6 Wall. 759, construed the act of Congress of August 6, 1861, entitled "An act to confiscate property used for insurrectionary purposes." That act provided for the seizure of such property and its condemnation in the District or Circuit Court having jurisdiction of the amount, or in admiralty in any district in which the property might be seized, and authorized the Attorney General to institute proceedings of condemnation. In that case it was held that in the condemnation of real estate or property on land the proceedings were to be shaped in general conformity to the practice in admiralty, but in respect to trial by jury and exceptions to evidence the proceedings should conform to the course of proceeding by information on the common-law side of the court. It was held that where proceedings for the forfeiture of real estate were had in conformity with the practice in courts of admiralty they could not be reviewed in this court by appeal, and that the case could come here only for the purpose of reversing the decree and directing a new trial.

In the case of *Morris's Cotton*, 8 Wall. 507, this court

had under consideration the acts of 1861 and of July 17, 1862, which act provided (12 Stat. 589, 591, § 7) for the institution of proceedings in the name of the United States in any District Court, etc., where the property might be found, etc., "which proceedings shall conform as nearly as may be to proceedings in admiralty or revenue cases." In the *Morris Case* it was said (p. 511):

"Where the seizure is made on navigable waters, within the ninth section of the Judiciary Act, the case belongs to the instance side of the District Court; but where the seizure was made on land, the suit, though in the form of a libel of information, is an action at common law, and the claimants are entitled to trial by jury.

"Seizures, when made on waters which are navigable from the sea by vessels of ten or more tons burden, are exclusively cognizable in the District Courts, subject to appeal, as provided by law; but all seizures on land or on waters not navigable, and all suits instituted to recover penalties and forfeitures incurred, except for seizures on navigable waters, must be prosecuted as other common-law suits, and can only be removed into this court by writ of error."

This jurisdiction of the District Court was known to Congress at the time it passed the Pure Food Act, as were the decisions of this court construing the former acts of Congress, and it declared that such proceedings shall conform to those in admiralty, as near as may be, giving to either party, however, the right to demand a trial by jury in case of issues of fact joined. We think this act must be held to have been passed not to confer a new jurisdiction upon the District Court, but in recognition of the jurisdiction already created in seizures upon land and water. The act makes no reference, in conforming the proceedings as near as may be to those in admiralty, to appellate procedure. It leaves that to be determined by the nature of the case and the statutes already in force. It is true that the right of trial by jury is preserved, where demanded

by either party. We think Congress inserted this provision with a view to removing any question as to the constitutionality of the act. It was held under the Confiscation Acts, although no such specific provision is contained, that the action provided was one at common law, with a right to trial by jury. The Seventh Amendment to the Constitution preserves the right of trial by jury in suits at common law involving more than twenty dollars, and provides that no fact tried by a jury shall be reviewed otherwise than according to the rules of the common law. Having in mind these provisions and as well the construction of the previous acts, we think it was the purpose of Congress to leave no doubt as to the right of trial by jury in the law proceeding for condemnation which the act intended to provide.

These proceedings for the seizure and condemnation of property which is impure or adulterated are intended to be in a sense summary, and yet the statute as we have construed it gives the owner a right to a hearing in a court of record with a right of review upon questions of law by writ of error in the Circuit Court of Appeals, and, where more than one thousand dollars is involved, finally in this court (§ 6 of the Circuit Court of Appeals Act). It is to be noted in this connection that where the examination of specimens of food or drugs made by the Department of Agriculture shows that the articles are adulterated or misbranded, the parties from whom the specimens were obtained are (§ 4 of the Pure Food act) given a hearing before the matter is certified to the district attorney by the Secretary of Agriculture.

We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process *in rem*, then giving the case the character of a law action, with trial by jury if demanded and with the review already obtaining in actions at law. It is true that, if the action is tried in the District Court without a

jury, the Circuit Court of Appeals is limited to a consideration of such questions of law as may have been presented by the record proper, independently of the special finding. *Campbell* v. *United States*, 224 U. S. 99. But the party on jury trial may reserve his exceptions, take a bill of exceptions and have a review upon writ of error in the manner we have pointed out.

It is insisted for the Government that inasmuch as the hearing in the Circuit Court of Appeals upon appeal was without objection by the claimant, the jurisdictional objection was waived. We cannot take that view. As we construe the statute, the Circuit Court of Appeals had no jurisdiction upon the appeal, and neither the action of the court nor the consent of the parties could give it. *Leo Lung On* v. *United States*, 159 Fed. Rep. 125; *Jones* v. *La Vallette*, 5 Wall. 579; *United States* v. *Emholt*, 105 U. S. 414; *Perez* v. *Fernandez*, 202 U. S. 80, 100.

As the Circuit Court of Appeals, in our opinion, proceeded without jurisdiction by reason of the appeal, this court, having acquired jurisdiction, should reverse the judgment of the Circuit Court of Appeals and remand the case to that court with instructions to dismiss the appeal for want of jurisdiction. *Union & Planters' Bank* v. *Memphis*, 189 U. S. 71.

*Judgment accordingly.*