### UNITED STATES v. ONE FORD SEDAN.

(Circuit Court of Appeals, Fifth Circuit. March 25, 1924.)

No. 4272.

1. Jury ⬿19(15)—Proceeding by government for forfeiture held one at law with right to jury trial.

Proceeding by United States, under Rev. St. §\3450 (Comp. St. § 6352), to forfeit automobile used in concealment of intoxicating liquor, on which interval revenue taxes had not been paid, *held* proceeding at law with accompanying right of trial by jury, where seizure was made on land.

2. Appeal and error ⬿671(1)—Where jury trial waived, in federal court record, held such as to present no question for consideration.

In proceeding by United States under Rev. St. § 3450 (Comp. St. § 6352), to forfeit an automobile in which jury was waived, *held*, that no question was presented for consideration on error brought by government, where it did not appear whether or not waiver of jury was in writing, agreed statement of facts provided that either party might offer additional evidence, and transcript did not contain any bill of exceptions, nor disclose any motion or request for judgment for either party.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by the United States to forfeit one Ford sedan, used in the concealment of intoxicating liquor on which internal revenue taxes had not been paid. A claim of lien by an innocent vendor was upheld, and the petitioner brings error. Affirmed.

E. E. Hindman, U. S. Atty., of Jackson, Miss. (Chalmers Potter and Niles Moseley, Asst. U. S. Attys., both of Jackson, Miss., on the brief), for the United States.

Wm. H. Watkins, of Jackson, Miss. (Watkins, Watkins & Eager and C. W. Crisler, all of Jackson, Miss., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is a petition by the United States, under R. S. § 3450 (Comp. St. § 6352), to forfeit an automobile used in the concealment of intoxicating liquor upon which internal revenue taxes had not been paid. A claim of lien held by an innocent vendor was interposed, in reliance upon section 26, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), and upheld by the judgment of the District Court.

[1, 2] The proceeding was at law, with the accompanying right of trial by jury, because the seizure was made on land. The Sarah, 8 Wheat. 391, 5 L. Ed. 644; Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U. S. 172, 33 Sup. Ct. 50, 57 L. Ed. 174; United States v. Spraul & Co., 185 Fed. 405, 107 C. C. A. 569. A jury was waived, but whether or not the waiver was in writing does not appear. An agreed statement of facts was entered into, but it provides that either party may offer additional evidence. The transcript does not contain any bill of exceptions, nor disclose any motion or request for judgment for either party. The government assigns error, and contends simply that the judgment should have been in its favor.

In this state of the record, no question is presented for our consideration as an appellate court (Ford v. Grimmett [C. C. A.] 278 Fed. 140), and for that reason the judgment is affirmed.