## GOODWIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 5, 1924.)

No. 3983.

**1. Food ⊜⇒24—Procedure, and not jurisdiction, of admiralty, provided by Food and Drug Act.**

Food and Drug Act, § 8, and amendment of 1912 (Comp. St. § 8724), do not confer admiralty jurisdiction on District Courts, in proceedings to condemn property seized under such statutes; the provision that a libel shall be filed, and the proceedings shall conform as near as may be to those in admiralty. relating only to procedure, and not to jurisdiction.

**2. Food ⊜⇒24—Libel held to state case of false labeling as to curative powers.**

Libel in proceeding to condemn bottled waters, based on amendment of 1912 to Food and Drug Act, § 8 (Comp. St. § 8724), which, after quoting from label a long list of ailments for which the water was said to be beneficial, with "healing powers" and a "reliable remedy," denies that the water can produce the therapeutic effects so claimed, states a case under the statute.

**3. Food ⊜⇒24—Libel for false labeling as to curative powers sustained by showing any of claims false.**

Libel under Food and Drug Act (Comp. St §§ 8717–8728) for condemnation of bottled waters, for false statements on label of curative or therapeutic effects of the water, is sustained by sufficiently showing the false and fraudulent character of any of such claims.

**4. Food ⊜⇒15—Mineral water held "drug," not "food," within statute.**

Mineral water transported, not being in its original state, and processes of separation of the constituent drug elements being carried to the extent that the commercial water can no longer be used as a beverage, but only in small quantities as a drug, it is to be classified as a "drug," and not a "food," within the Food and Drug Act (Comp. St. §§ 8717–8728).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Drug; Food.]

**5. Evidence ⊜⇒508—Expert testimony admissible on misbranding of mineral water as to curative powers.**

On the issue of misbranding as to curative powers, within Food and Drug Act (Comp. St. §§ 8717–8728), of commercial concentrated mineral water, expert testimony is admissible.

**6. Evidence ⊜⇒536—Opinion of chemist or doctor competent on curative powers of alleged misbranded mineral water.**

On issue of misbranding as to curative powers of commercial concentrated mineral water, opinion of one learned in chemistry or regularly admitted to practice medicine, having knowledge of the drug elements and their efficiency or lack thereof as curative agents, separately or in combination, is competent, regardless of witness having had actual experience or observation of the effect of use of such drugs in the exact form in question.

**7. Appeal and error ⊜⇒987(2)—No review of weight of evidence.**

Circuit Court of Appeals may not determine the weight of evidence, or reverse on the ground of verdict being against weight of evidence, if it is sustained by substantial evidence, under Rev. St. § 1011 (Comp. St. § 1672).

**8. Appeal and error ⊜⇒1001(1)—Misbranding being charged generally, general verdict sustained on substantial evidence of any statement on label being false or fraudulent.**

Libel under Food and Drug Act (Comp. St. §§ 8717–8728), to .condemn bottled waters, charging misbranding in general terms, and there having been no motion for bill of particulars, general verdict for government must be sustained, there being substantial evidence of any one of the statements on the label being false or fraudulent.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Proceeding by the United States against Idie C. Goodwin and another. From an adverse judgment, defendants appeal. Affirmed.

See, also, 295 Fed. 856.

T. V. Maxedon, of Cincinnati, Ohio, for appellants.

Robert A. Kramer, Asst. U. S. Atty., of Cincinnati, Ohio.

Before DENISON and DONAHUE, Circuit Judges, and SATER, District Judge.

DONAHUE, Circuit Judge. [1] The Food and Drug Act of 1906 and the amendments of 1912 (Comp. St. § 8724) do not confer, and do not purport to confer, admiralty jurisdiction upon the United States District Courts, in proceedings· to condemn property seized under the provisions of that act and amendments thereto. The provision that a libel shall be filed and the proceedings shall conform as near as may be to the proceedings in admiralty, relate only to procedure and not to jurisdiction. Four Hundred and Forty-Three Cans of Frozen Egg Product v. U. S., 226 U. S. 172, 33 S. Ct. 50, 57 L. Ed. 174, and cases there cited.

[2, 3] This prosecution was based solely on the amendment of 1912 to section 8. The libel quoted from the label a long list of ailments for which the water was said to be beneficial, with "healing powers" and a "reliable remedy." It then denied that the water "is capable of producing the therapeutic effects claimed in the statements upon and in said cartons as hereinbefore set forth." This does not fail to state a case under the statute, and did not make the libel subject to demurrer or motion to quash. It would be sustained by proof of the false and fraudulent character of any one of the various claims recited. If defendant needed a better specification of the particulars upon

which the government would rely, if it did not rely upon all the statements, a motion for a bill of particulars would doubtless have been granted, or an amendment of the libel permitted.

[4] The record in this case does not present the question whether mineral spring water as it comes from the earth is or is not a drug, for the reason that the Crab Orchard concentrated mineral water is not transported and marketed in its original condition. While it appears that the constituent drug elements are not completely extracted therefrom, and transported and sold without the admixture of other elements, nevertheless the processes of separation are carried to such an extent that the water can no longer be used as a beverage, but only in small quantities or doses, as a medicine. For this reason Crab Orchard concentrated mineral water cannot be classified as "food," but, on the contrary, comes fairly within the meaning of "drug," as used in the Pure Food Act and amendments thereto.

[5, 6] Upon the trial of the issue of fact joined by the libel charging the misbranding of mineral water and the answer of the intervener, expert evidence may be properly admitted. If it appears from the testimony of a witness upon preliminary examination that he is learned in the science of chemistry or has been regularly and legally admitted to the practice of medicine, and that he has knowledge of the drug elements contained in the article transported in interstate commerce and their efficacy or lack of efficacy as curative agents, used either separately or in combination in the treatment of the diseases specified on the label, his opinion on that subject is competent evidence regardless of whether he has had actual experience or observation of the effect of the use of such drugs in the exact form in which they are transported in interstate commerce. The weight of his evidence is a question for the jury.

[7] This court has no authority to determine the weight of the evidence, or reverse the judgment for the reason that the verdict is against the weight of the evidence, where the verdict of the jury is sustained by substantial evidence. R. S. § 1011 (Comp. Stat. § 1672); Bullock v. U. S. (C. C. A.) 289 F. 29–32; Atlantic Ice & Coal Co. v. Van (C. C. A.) 276 F. 646.

[8] The government having charged misbranding in general terms, and no motion being made to require it to file a bill of particulars, the general verdict must be sustained, if there is substantial evidence that any one of the statements made on the label is false or fraudulent; but the verdict and judgment relates to and affects only the particular label on the bottles seized in interstate commerce. This general verdict is sustained by substantial evidence.

For the reasons stated, the judgment of the District Court is affirmed.