**UNITED STATES v. 935 CASES MORE OR LESS, EACH CONTAINING 6 NO. 10 CANS TOMATO PUREE.**

No. 9514.

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

F. B. Kavanagh, of Cleveland, Ohio, (Don C. Miller, of Cleveland, Ohio, on the brief), for appellant.

Edwin H. Chaney, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, and W. C. Bachelder and Bachelder & Bachelder, all of Indianapolis, Ind., on the brief), for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

The United States Attorney for the Northern District of Ohio filed, in behalf of the United States, a libel in rem against a quantity of tomato puree shipped by appellee, Ladoga Canning Company, in interstate commerce from Lebanon, Indiana, to Cleveland, Ohio. The complaint charged that, under the Federal Food, Drug, and Cosmetic Act, the food was subject to seizure and confiscation pursuant to U.S.C.A., Title 21, Section 334, as adulterated food within the meaning of U.S.C.A., Title 21, Section 342(a) (3).

The appellee, averring its sole ownership of the goods, appeared specially and moved to quash the writ of attachment and monition and the attachment and seizure of the goods; and, in the same motion, prayed for an order for the return of the goods to appellee upon the allegation that the issuance of the writ and the seizure of the goods violated the Fourth Amendment to the Constitution of the United States, "in that the warrant for the seizure issued and in that the seizure was made without a showing of probable cause supported by oath or affirmation, particularly describing the place to be searched and the things to be seized."

The District Court entered an order sustaining the motion, directing that the goods be returned to the owner, and dismissing the complaint. On the following day, the United States Attorney filed notice of appeal to this court. Six days later, the District Court entered an order directing that, pending the perfection of the appeal, "the operation and enforcement of the judgment entered be, and the same is ordered stayed, insofar as the return of the goods is concerned." After another six-day interim, the appellee moved for a modification of the latter order by striking therefrom the provision concerning the stay of the return of its goods. The point was made that the order of the Court quashing the warrant and directing the return of the goods to the owner is "a separate matter," is an interlocutory order and, therefore, not appealable. See Wise v. Mills, 220 U. S. 549, 31 S.Ct. 597, 55 L.Ed. 579. The motion stated further that "the continued holding of the goods is subject to the same objection as the original seizure; namely, that it is contrary to the constitutional provisions against unwarranted searches and seizures." On March 30, 1943, the District Court entered an order denying the motion of appellee for modification of the Court's order "staying proceedings."

On April 13, 1943, while the record in the cause was being printed, appellee filed in this court a motion, with an accompanying brief, for dissolution of the order of March 17, 1943, filed in the District Court, insofar as that order "stays the enforcement of the part of the order of March 10, 1943, which directed that the goods theretofore seized by the Marshal in violation of the Fourth Amendment of the Constitution of the United States be released from seizure and delivered to appellee."

The printed record was subsequently filed on April 23, 1943, and hearing of the motion ensued on June 1, 1943. Upon this hearing, the attorneys for the parties argued the case upon the merits of the appeal, as well as upon the motion, and jointly besought this court not only to pass upon the motion to dissolve the District Court's stay order of March 17, 1943, but to decide the issue as to whether the District Court erred in dismissing the libel on information filed by the United States Attorney.

The important issue for determination is whether a libel in rem, prosecuted in behalf of the United States pursuant to the Federal Food, Drug, and Cosmetic Act of June 25, 1938, Ch. 675, 21 U.S.C.A. § 301 et seq., must be verified. The Act provides, inter alia:

"Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce, or which may not under the provisions of section 344 or 355, be introduced into interstate commerce shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found * * *." [U.S.C.A., Title 21, Section 334(a).]

"The article shall be liable to seizure by process pursuant to the libel, and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty; except that on demand of either party any issue of fact joined in any such case shall be tried by jury." [U.S.C. A., Title 21, Sec. 334(b).]

Recognition that proceedings under the provisions of Section 10 of the Pure Food Act of June 30, 1906, 34 Stat. 768, 21 U.S. C.A. § 14, where this procedure was originally prescribed by Congress, shall be by libel *in rem* and shall conform as nearly as may be to proceedings in admiralty was given by the Supreme Court in Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 178, 182, 183, 33 S.Ct. 50, 57 L.Ed. 174. It was commented there that the provision of the Act giving to either party the right to demand a jury trial of issues of fact was inserted with a view to removing any question as to the constitutionality of the Act, and that it was not intended to liken the proceedings to those in admiralty beyond *seizure of the property* by process *in rem.*

■ Under the quoted paragraphs of the Act of Congress, the United States is authorized to seize adulterated or misbranded articles of food before proof of justification for seizure; but adequate provision is made for a hearing before condemnation of the goods seized. In admiralty, procedure by libel *in rem* is akin to the civil writ of attachment, and the procedure followed in the instant case conformed to admiralty practice. Admiralty Rule 21, 28 U.S.C.A. following section 723, controls the libel procedure under the Federal Food, Drug, and Cosmetic Act. This rule does not specify that verification of the information or libel of information is required. Admiralty Rule 22, however, directs that all libels in *instance causes,* civil or maritime, shall be on oath or solemn affirmation. This difference in the two admiralty rules leads to the inference that the omission of the requirement of oath and affirmation to a libel filed under the Federal Food, Drug, and Cosmetic Act was deliberate.

The rules in admiralty effective in the United States District Court for the Northern District of Ohio expressly except the United States from the requirement of verification of pleadings. Admiralty Rule 1 of that district, which is the forum in the instant case, prescribes that "pleadings and answers to interrogatories, except on behalf of the United States, shall be verified." Similar local admiralty rules, excepting the United States from the requirement of verification placed on other libellants, have been adopted in the United States District Courts in many districts, among others the Western District of New York, the Eastern District of Pennsylvania, the Eastern District of South Carolina, the Southern District of Georgia, the Eastern District of Louisiana, the Western District of Kentucky, the Southern and the Northern Districts of California, the District Court of New Jersey, the District Court of Minnesota, the District Court of Hawaii, and the District Court of Puerto Rico. See Benedict on Admiralty, 6th Ed., Vol. 5. This authoritative textbook asserts that "all libels, except those brought on behalf of the Government, must be verified, even if also signed by the proctor." Benedict on Admiralty, 6th Ed., Vol. 2, p. 71, § 240. In a footnote, the author states that "the practice was laid down in Hutson v. Jordan, D.C.Me., 1837, 1 Ware (385) 393, 12 Fed.Cas. 1089, No. 6959."

■ It is reasonable to assume that, in enacting the Federal Food, Drug, and Cosmetic Act for the protection of the public against consumption of impure, adulterated or misbranded articles, by setting up procedure for immediate removal of suspected articles from the flow of interstate commerce, the Congress, presumably familiar with admiralty rules and practice, considered public policy best conserved by not requiring United States Attorneys to verify libels filed in their official capacities against articles to be seized. All official acts of a United States Attorney are under his oath of office. This fact differentiates his status from that of other libellants. Though the question presented is of first impression in the appellate courts of the United States, we have reached, without hesitation, the conclusion that, under existing law, the libel *in rem* filed by the United States Attorney in the case at bar needed no verification.

But the appellee contended successfully in the District Court that, irrespective of admiralty rules and practice, the issuance of the writ of attachment and the seizure of the goods, without a showing of probable cause supported by oath or affirmation, were violative of the Fourth Amendment to the Constitution of the United States. The main dependence of appellee is Boyd v. United States, 116 U.S. 616, 622, 6 S.Ct.

524, 528, 29 L.Ed. 746, in which the Government had seized goods charged to have been imported fraudulently in contravention of National revenue laws. The owners of the goods denied the fraud charged against them and the case was tried upon that issue. As part of its essential proof, the Government was compelled to show the value of the goods. In his effort to comply with this necessity, the United States Attorney, over objection of the owners, obtained a court order requiring them to produce the invoice covering the goods. Exception was taken by the owners to admission of the invoice in evidence. The jury returned a verdict for the United States condemning the goods seized; and a judgment of forfeiture followed. On appeal by the owners, the argument was made that the court order directing production of the invoice and the reception of the invoice in evidence was violative of the Fourth Amendment. The Supreme Court, in reversing the judgment below and awarding a new trial, said that "a compulsory production of a man's private papers to establish a criminal charge against him, or to forfeit his property, is within the scope of the fourth amendment to the Constitution, in all cases in which a search and seizure would be, because it is a material ingredient, and effects the sole object and purpose of search and seizure."

The statute involved in the Boyd case provided that the offender, bringing goods into the United States in violation of its custom laws, might be punished by fine or by forfeiture of the imported goods. The basis of decision was that the case was criminal in character. The Supreme Court did not consider whether or not the initial seizure of the goods constituted a search and seizure within the purview of the Fourth Amendment, but directed its attention only to the court order requiring production of private papers. Nor did the Court decide that the order was equivalent to a search warrant which must be supported by oath. The ruling was merely that the order for the production of the invoice was, under the Fourth Amendment, unreasonable in the circumstances of the case. The issue of verification was not involved.

■ No order for the production of private papers is involved in the instant case. Nor is this proceeding, in any aspect, a criminal case. An ordinary libel in rem brought by the United States is undoubtedly a civil action. United States v. La-Vengeance, 3 Dallas 297, 301, 1 L.Ed. 610; Dobbins's Distillery v. United States, 96 U. S. 395, 399, 24 L.Ed. 637.

There is no element of search or invasion of the privacy of the citizen or of his home involved in the case at bar. The proceeding here is for the condemnation of adulterated goods under authority of an Act of Congress, by libel in rem to bring into court the thing charged as deleterious for determination of the issue of whether it is fit food, or not.

■ Under the interstate commerce clause of the Constitution, article 1, § 8, cl. 3, Congress has been vested with full power to keep the channels of interstate commerce free from the transportation of illicit or harmful articles, and to make those deleterious to public health "outlaws of such commerce." So long as the means are appropriate to that end and do not violate any provision of the Constitution, Congress may be the judge of the means to be employed in exercising its powers. McDermott v. Wisconsin, 228 U.S. 115, 128, 33 S.Ct. 431, 57 L.Ed. 754, 47 L.R.A.,N.S., 984, Ann.Cas.1915A, 39. See, also, Hipolite Egg Co. v. United States, 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364; Seven Cases of Eckman's Alterative v. United States, 239 U.S. 510, 514, 36 S.Ct. 190, 60 S.Ct. 411, L.R.A.1916D, 164.

■ No significance should be attached to the use by the Supreme Court of the words "warrants of arrest" in the Admiralty Rules which it has promulgated. The usage bears no semblance to the use of the word "warrant" in the Fourth Amendment. In admiralty, the term "arrest" is the technical term long sanctioned to indicate an actual seizure of property. Pelham v. Rose, 9 Wall. 103, 107, 19 L.Ed. 602.

■■ The United States District Court for the Western District of Virginia has correctly held that a libel in rem under the Federal Food, Drug, and Cosmetic Act is not a search and seizure within the meaning of the Fourth Amendment, and that the libel information need not be verified. United States v. Eighteen Cases of Tuna Fish, D.C., 5 F.2d 979. See, also, United States v. Two Barrels of Desiccated Eggs, D.C.Minn., 185 F. 302. The contrary has been held erroneously in United States v. Eight Packages and Casks of Drugs, D.C. S.D.Ohio, 5 F.2d 971.

As has been demonstrated, the libel of information filed by the United States Attorney on behalf of the United States in the instant proceeding required no verification; and the seizure of the alleged adulterated articles in interstate commerce, in the manner prescribed by the Federal Food, Drug, and Cosmetic Act, U.S.C.A., Title 21, § 334, was not an unreasonable search and seizure in contravention of the Fourth Amendment to the Constitution of the United States. The District Court erred in entering its order of March 10th, sustaining the motion to quash the writ of attachment, ordering the goods seized returned to appellee, and dismissing the complaint. That order is therefore reversed; the motion of the appellee filed in this court to dissolve the stay order entered by the District Court on March 17, 1943, is denied; and the cause is remanded to the District Court for further procedure in conformity with this opinion.