## UNITED STATES v. 300 CANS, ETC., OF BLACK RASPBERRIES et al.

### Civ. No. 24371.

District Court, N. D. Ohio, E. D.

Dec. 10, 1946.

Supplemental Opinion Feb. 4, 1947.

Don C. Miller, Dist. Atty., of Cleveland, Ohio, for the U. S.

Harley J. McNeal, of Cleveland, Ohio, for parties in interest.

JONES, District Judge.

This is an action in forfeiture under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., against 300 cans of black raspberries.

The claimant, Sunshine Packing Corporation, has filed a motion to allow it to take samples for the purpose of making tests. There being no opposition to this part of the motion and the law so providing, Sec. 334(c), Title 21 U.S.C.A., an order may be entered accordingly.

The claimant further moves for an order requiring the Government to disclose its records with reference to its tests and analyses. This part of the motion is opposed. These are civil proceedings in rem to which, following the issuances of process, the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are applicable.

Section 334(b), Title 21 U.S.C.A. provides: " * * * the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty; * * * ".

The application of the admiralty procedure to this type of proceeding has been limited by the Supreme Court to the seizure of the property by process in rem. "We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process in rem, then giving the case the character of a law action." (Four Hundred and Forty-three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 183, 33 S.Ct. 50, 53, 57 L.Ed. 174; United States v. 935 Cases Tomato Puree, 6 Cir., 136 F.2d 523, certiorari denied 320 U.S. 778, 64 S.Ct. 92, 88 L.Ed. 467.)

Rule 81 (a) (2) of the Rules of Civil Procedure provides that the rules " * * * are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity: * * * ".

The Supreme Court having held that a suit in forfeiture has the character of a law action and having limited the application of the statute providing for the admiralty procedure to the process in rem, it seems that Rule 81 (a) (2) makes the Civil Rules which are applicable to law cases also applicable to proceedings in forfeiture after the issuance of process.

The Rules of Civil Procedure are very liberal in allowing the inspection of documents which are not privileged. Rule 34. There is no showing that these records are privileged nor can there be any doubt that these records are material evidence.

The motion to inspect will be granted.

Enter order accordingly.

## Supplemental Opinion.

Because of the serious insistence of the Government that the Court wrongly concluded to grant the consignor's motion of October 16, 1946 (memorandum filed December 10, 1946), the matter has been reexamined in the light of supplemental briefs.

Reconsideration, however, has led to the same result and the former ruling will be adhered to with some further elaboration of the basis for the conclusion there reached.

The Government relies upon the strict exclusiveness of the language used in Section 334(c), Title 21 U.S.C.A., and I assume, would contend that there is no modification in respect of samples for analysis provided by Section 372(b) of the same Title. I suppose it could be argued that even Section 372(b) does not extend the availability of analyses of samples made by the Administrator of articles seized.

However, in view of the trend of The Rules of Civil Procedure which previously I have held to be applicable to proceedings of this character, and the liberal construction to be given the forfeiture statute, as well as rules of Civil Procedure such as Rules 26, 33 and 34, recently interpreted by the Supreme Court, I think "the dark veil of secrecy over pertinent facts" ought not longer to stand where, as here, the party in interest is brought into potentially serious collison with the Government and his property summarily seized and held for condemnation.

38

The fact that fresh fruits and vegetables rapidly deteriorate or decay furnishes ground for believing that the Congress intended to guarantee an opportunity to the party in interest to secure samples and analyses. It does not follow, however, that samples and analyses of other articles may not be had in proper circumstances.

The opinion in Hickman v. Taylor, 67 S. Ct. 385, would seem to have extended the sweep of the Rules above-mentioned beyond the limitations of this Court's ruling on interrogatories in United States v. Tomato Puree, Civil No. 21218, March 22, 1944.[1]

In such circumstances, I find neither prejudice resulting, nor statutory limitations violated by requiring response to the motion.

An order may be entered accordingly with exceptions to the Government.

---

[1] No opinion for publication.