UNITED STATES v. 74 CASES, etc., COBBS PURE TROPICAL FRUIT DELICACIES PLUM JELLY et al.

Civ. No. 2417.

District Court, D. Minnesota, Fourth Division.

Sept. 24, 1947.

W. P. Berghuis, of Minneapolis, Minn., for Gamble-Skogmo, Inc.

Brazeau & Graves, of Wisconsin Rapids, Wis., for Cobbs Fruit & Preserving Co.

NORDBYE, District Judge.

This matter came before the Court on the motion of Gamble-Skogmo, Inc., for an order requiring the two claimants to the property involved in these proceedings to interplead so that all claims and causes of action between them may be fully tried and determined in this proceeding.

The two claimants to the jelly seized in this proceeding are Cobbs Fruit & Preserving Company, hereinafter called the Cobbs Company, the manufacturer of the product, and Gamble-Skogmo, Inc., which contends that this property was sold to it and the

title passed before the seizure. Answers have been filed by both of the claimants, and that issue of ownership is now before the Court on the pleadings filed. But Gamble-Skogmo, Inc., in the motion now presented, seeks an order whereby it will be permitted to file a cross-complaint against the Cobbs Company alleging damages for breach of warranty in the sale of the particular jelly which is the subject matter of this libel proceeding.

■ This is a proceeding in rem. The procedure shall conform as nearly as may be to the admiralty rules. But cases arising in admiralty are, not particularly helpful, as was recognized by the Supreme Court in Four Hundred and Forty-three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 183, 33 S.Ct. 50, 53, 57 L.Ed. 174, when it made the following observations in a proceeding arising under the Pure Food Act: "We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process in rem, then giving the case the character of a law action, with trial by jury if demanded, and with the review already obtaining in actions at law."

The language in the present statute under the Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., with reference to the procedure to be followed is substantially the same as it was when the Supreme Court had the proceeding under the Pure Food Act in the 443 Cans of Egg Product case.

■ At the outset, it must be kept in mind that the only question in the present libel proceeding is whether the merchandise was misbranded in violation of the statutes of the United States, and in determining that question the ownership of the jelly is properly before the Court. It is conceded by the Cobbs Company that the issue of ownership as between the two claimants is a matter that may be litigated in the present proceeding. But that issue is only incidental to the proceeding by the Government to condemn the property. However, as to that issue, the Cobbs Company is willing to admit that title passed to Gamble-Skogmo, Inc., if that company presses that contention in this proceeding.

But, obviously, this Court cannot assume jurisdiction of a claim by Gamble-Skogmo, Inc., for breach of warranty against the Cobbs Company. That issue is not within the jurisdiction of this Court. It is a collateral common law proceeding in personam. This is strictly a matter in rem. The Cobbs Company is a resident of Florida. It does not do any business in this State; it has no agent in this State; it has no representative herein upon whom service can be made so as to vest this Court with jurisdiction in the contemplated proceeding embraced within this petition. If this Court did make the order prayed for, and permitted petitioner to file a cross-complaint setting up this claim for breach of warranty, the Cobbs Company could refuse to respond, and any proceedings therein with reference to any personal judgment against the Cobbs Company growing out of a claim for breach of warranty would be utterly void. The only jurisdiction this Court has over the Cobbs Company is with reference to the right of the Government to seize goods in which it claims it has an interest, and it has appeared in this proceeding for that limited purpose and none other.

■ In so far as the admiralty procedure may be appropriate, there is no admiralty rule which will avail this petitioner. It refers to Rule 56 of the Admiralty Rules, 28 U.S.C.A. following section 723, but the attempt to ingraft on a so-called admiralty proceeding in rem a common law proceeding in personam is completely without the purview of that rule. See Eggleston v. Republic Steel Corp., D.C.W.D.N.Y. 47 F. Supp. 658. Nor will the fact that the Court has possession of the res permit it to determine any controversy other than the ownership of the property, the ultimate question of misbranding, and the rights of the owners of the property under the statutes if there is misbranding. The claim for damages for breach of warranty does not affect the property seized, nor is that issue one that should be determined in order for the Court is a rem proceeding to adjust all of the rights of the parties in a single suit. The common law claim for damages for breach of warranty growing

out of the sale of the merchandise seized and the Cobbs Company's defense thereto are foreign to any issues which this Court should determine in adjusting all of the rights of the parties in the rem proceeding. The determination of the question submitted seems so elementary that to cite authorities in support of the foregoing should be unnecessary. Therefore,

It Is Ordered: That the motion of Gamble-Skogmo, Inc., be, and the same hereby is, in all things denied. An exception is allowed.