## UNITED STATES v. 5 CASES, ETC.

Nos. 4359–4363.

United States District Court D. Connecticut.

Feb. 4, 1949.

Adrian W. Maher, U. S. Atty. of New Haven, Conn., for the United States.

Avrutis & Zizmor, of New York City, and David R. Lessler, of Bridgeport, Conn., for defendant.

HINCKS, Chief Judge.

This action arises out of a libel by the Government, pursuant to Section 334 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. Sec. 301 et seq., resulting in a seizure of five cases more or less of cans of oil, alleged to have been adulterated and misbranded. It is presently before the Court on a motion by the Antonio Corrao Corporation, as claimant of the libelled merchandise, for an order requiring the government to produce true and exact copies of "each and every chemical test and analysis" made by the government on the samples taken by it from the seized merchandise. The gist of the claimant's position is that the allegations of the libel do not reveal the nature of the alleged adulteration with exactitude; that the claimant is entitled to know the specific substances and exact percentages thereof with which the government asserts claimant adulterated the oil; and that the rights of the claimants will be seriously prejudiced unless prior to trial the claimant should be allowed to inspect the chemical analyses made by the government's experts which, presumably, will constitute the basis of the prosecution. The claimant contends that he is entitled to this inspection under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In opposing the motion the libelant relies first upon the strict exclusiveness of the language used in Section 334(c) of the Act allowing a claimant a true copy of the analysis upon which the proceeding is based only where a fresh fruit or vegetable is involved and second on the theory that the libelant should not be required to disclose expert testimony or opinions of its chemists who analyzed the oil seized, particularly in the absence of the claimant's showing of necessity or of hardship resulting from the denial.

This proceeding, while commencing as a libel under the Admiralty Rules, nevertheless at this stage is an action at law and is governed by the Federal Rules of Civil Procedure. Four Hundred and Forty-Three Cans of Frozen Egg Product v. U. S., 226 U.S. 172, 183, 33 S.Ct. 50, 57 L.Ed. 174; United States v. 935 Cases Tomato Puree, 6 Cir., 136 F.2d 523; Reynal v. U. S., 5 Cir., 153 F.2d 929, 931. The claimant's request for production and inspection of the tests and analyses made by the libelant comes within the scope of Rule 34.

There is much support for claimant's contention that the Rules of Civil Procedure governing the discovery process have been very liberally construed. 3 Moore's Federal Practice, Sec. 34.04, Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451; United States v. 300

Cans of Black Raspberries, D.C., 7 F.R.D. 36, 37; Stark v. American Dredging Co., D.C., 3 F.R.D. 300. But this liberal construction of disclosure before trial has not developed without limitations. As the Supreme Court noted in Hickman v. Taylor, supra [329 U.S. 495, 67 S.Ct. 392], " * * * discovery, like all matters of procedure, has ultimate and necessary boundaries." And this is particularly true with reference to Rule 34 under which claimant presently seeks relief.

■ Discovery and production of documents under Rule 34 is not a matter of right, Sutherland Paper Co. v. Grant Paper Box Co., D.C., 8 F.R.D. 416, 417. This rule, by its very language, is more rigid than rules relating to depositions and interrogatories, and to entitle the applicant to the order prayed for he must show good cause therefor, designate the documents desired, and show that they are not privileged and are material to the matter involved. Martin v. Capital Transit Co., D.C.Cir., 170 F.2d 811; Heiner v. North American Coal Corp., D.C., 3 F.R.D. 63. And this language of Rule 34 must be read in the light of the general principles governing the application of the Federal Rules, 26–37 inclusive, embracing Depositions and Discovery. In Hickman v. Taylor, supra, the Supreme Court recently enunciated a principle of discovery limiting disclosures to those instances wherein the denial of the same would unfairly prejudice the party seeking inspection in preparing his claim or would cause him undue hardship or injustice. Cf. 2 Moore's Federal Practice, 1947 Cumulative Supplement, Sec. 26.12, p. 172.

■ What constitutes "good cause" is a difficult question, and as the learned editor has suggested in 2 Moore's Federal Practice, Sec. 34.04, considerations of practical convenience are of prime importance. But even under the most liberal construction of this rule, mere assertions of threatened prejudice are not enough. The Court must be satisfied that the production of the requested document is necessary to enable a party to prepare his case, or that it will facilitate proof or progress at the trial. Hickman v. Taylor, supra, 329 U.S. 509, 67 S.Ct. 385, 91 L.Ed. 451; Gordon v. Pennsylvania R. Co., D.C., 5 F.R.D. 510, 512.

■ Even with the liberal objective of the Federal Rules in mind I fail to see where the claimant has adequately met the requirement of Rule 34—namely, a good cause for the discovery. Concededly the claimant has had opportunity to make its own tests and analyses which may be offered in evidence in defense against a forfeiture. With such authentic evidence within ready reach I cannot find that the claimant will suffer unfair prejudice if not accorded a preview of the government's evidence.

This holding is altogether compatible with the Federal Food, Drug and Cosmetic Act which expressly enumerates fresh fruits and vegetables as the only types of products concerning which a claimant is entitled to a true copy of the analysis. Apparently Congress realized that the tendency of such fresh produce to spoil left a claimant with scant opportunity for useful and necessary inspection of his own and that consequently, in fairness, the Government report should be made available to him. But that is not the case here.

From this conclusion I cannot recede even though it be deemed at variance with the holding in United States v. 300 Cases of Black Raspberries, supra. With all deference, I cannot see the necessity of a court order to enable a claimant to pierce "the dark veil of secrecy over pertinent facts" when without an order he can poke his head within the veil and make his own observation of the facts.

It is accordingly ordered that the motion be denied.