DAINTY-MAID, Inc., Claimant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12204.

United States Court of Appeals Sixth Circuit.

Nov. 19, 1954.

more than one libel for condemnation based upon the same alleged misbranding, except "(1) when such misbranding has been the basis of a prior judgment in favor of the United States, in a criminal, injunction, or libel for condemnation proceeding under this chapter, or (2) when the Secretary has probable cause to believe from facts found, without hearing, by him or any officer or employee of the Department that the misbranded article is dangerous to health, or that the labeling of the misbranded article is fraudulent, or would be in a material respect misleading to the injury or damage of the purchaser or consumer." 21 U.S.C.A. § 334(a).

Appellant filed as claimant in each case and interposed answers, affirmatively asserting that the alleged misbranding in each of these proceedings had not been the basis of a prior judgment in favor of the United States, that the Secretary had not found any of the circumstances that would permit multiple seizures, and that consequently only one proceeding was permissible under the provisions of 21 U.S.C.A. § 334(a).

Appellee moved to strike these defenses, claiming that the alleged misbranding had been the basis of a prior judgment in favor of the United States entered in 1948 in the Middle District of Pennsylvania, entitled, United States of America v. 13 Sets More or Less of an Article of Drug and Device Labeled in part "Dainty-Maid Service," which appellant had permitted to go to judgment by default.

It appears that the labeling which was the subject of this prior adjudication was similar to, but not identical with the alleged misbranding in the present proceedings.

Appellant filed a cross-motion for an order dismissing the libels, or either of them, and it is from the district court's denial thereof that this appeal was taken. Appellee has moved to dismiss the appeal on the ground that the denial of a motion to dismiss a libel of information filed pursuant to the Federal Food, Drug, and Cosmetic Act is not an appealable order.

Arthur D. Herrick, New York City, for appellant.

Ronald L. Greenberg, Asst. U. S. Atty., Detroit, Mich., Warren Olney, III, Asst. Atty. Gen., John T. Grigsby, Alvin L. Gottlieb, Washington, D. C., Frederick W. Kaess, Detroit, Mich., on the brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Proceeding under the Federal Food, Drug, and Cosmetic Act, the United States filed two libels of information in the district court, seeking condemnation of a number of allegedly misbranded articles of device and drug and accompanying printed material. The statute forbids multiple seizures, permitting not

The question which appellant would have us now decide is whether the statute permits multiple seizures of allegedly misbranded articles when the prior adjudication in favor of the United States involved similar but not the same labeling.

Appellant contends that the phrase "such misbranding" in the statute was intended to and does mean "the same misbranding," and that multiple seizures are permissible only against the identical labeling as was the subject of the prior adjudication. The question is a novel one, but we have concluded that it is prematurely before us, and that appellee's motion to dismiss this appeal must be granted.

■ It is conceded that the order appealed from is not a final decision from which an appeal would lie under the provisions of 28 U.S.C. § 1291. Appellant points out, however, that § 334(b) of the Federal Food, Drug, and Cosmetic Act provides that the procedure in condemnation cases under the Act "shall conform, as nearly as may be, to the procedure in admiralty;" 21 U.S.C.A. § 334(b), and appellant rests this appeal upon 28 U.S.C. § 1292(3) which gives us jurisdiction of appeals from "interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed". It is appellant's position that the statute conforming the procedure in this type of case "as nearly as may be, to the procedure in admiralty," requires that this appeal be governed by principles of appellate jurisdiction in admiralty, and that in admiralty such an order as is here involved would be appealable. We think both contentions are incorrect.

In Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 1912, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174, the Supreme Court had before it the claim that an almost identical clause in the predecessor Food and Drug Act of 1906 operated to make appeals in condemnation cases under that Act subject to the statutes applicable to appeals in admiralty. The Supreme Court rejected the contention, saying, "The act makes no reference, in conforming the proceedings as near as may be to those in admiralty, to appellate procedure. It leaves that to be determined by the nature of the case and the statutes already in force. * * *

"We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process *in rem*, then giving the case the character of a law action, with trial by jury if demanded, and with the review already obtaining in actions at law." 226 U.S. 182, 183, 33 S.Ct. 52.

Although the Four Hundred and Forty-Three Cans of Frozen Egg Product case was decided in a somewhat different context, we think the decision remains entirely valid under the existing statutes, and dictates rejection of appellant's argument.

■ It may be added that even in admiralty it does not appear that the order here complained of would be an appealable one. The Maria, 2 Cir., 1933, 67 F.2d 571; Cf. Emerick v. Lambert, 6 Cir., 1951, 187 F.2d 786, 788.

The rights and liabilities of the parties in this case have not been finally determined by the order of the district court. Whether the misbranding here alleged is "such misbranding" as was the basis of the prior judgment is primarily a factual question, and this court is not a trier of facts. The ends of justice will be better served by deferring review until after a hearing and final judgment in the district court on the merits. The parties are entitled, no less than we, to the benefit of a record containing factual findings and legal conclusions that can be intelligently reviewed on appeal.

The motion to dismiss the appeal is granted.