# DECEMBER 15, 1937

## NED BAUM v. THE STATE.

No. 19161. Delivered December 15, 1937.

350

The opinion states the case.

*Bradley & Wilson,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense for which appellant was convicted is misdemeanor swindling, and the punishment assessed being confinement in the county jail for one year and six months.

The appellant was charged by information and complaint, in substance, with obtaining from one J. J. Gray the sum of $35.00 under certain false pretenses and fraudulent representations, such being that appellant told Mr. Gray that Gray had at a certain drawing won two lots in the North Side Addition to Presidio, Texas; that said two lots were worth the sum of $350.00, and that it was necessary for the said J. J. Gray to deliver to appellant the sum of $35.00 to pay for the deed and abstract to said property, and for the expense of surveying and platting such lots, and that by means of such pretenses and representations the appellant did thereby induce J. J. Gray to deliver to him, Ned Baum, the sum of $35.00 in lawful money; when in truth and in fact said two lots were not worth $350.00, and had not been won by said Gray in a drawing, and the

money so delivered to Ned Baum was not necessary to pay for the deed and abstract, and surveying and platting of said two lots; and the said Baum then and there knew that said pretenses and representations so made by him were false, and he did then and there appropriate the said $35.00 to his own use and benefit.

It will be observed that the false pretenses and representations claimed to have been used herein were, first, that the said J. J. Gray had drawn at a lot drawing a prize of two lots in the North Side Addition to Presidio, Texas; second, that the said two lots were then and there worth the sum of $350.00; and, third, that it was necessary for the said J. J. Gray to deliver to the said Ned Baum the sum of $35.00 to pay for the deed and abstract to said property, and for the expense of surveying and platting such lots.

As to the first ground above alleged, we have searched the record and are unable to find any testimony of any kind showing that such a drawing was not had, and the presumption being with the appellant's innocence, and it being the State's duty to overcome such by competent evidence, we can discard that portion of the allegations.

As to the second ground alleged as a false pretense that such property was actually worth the amount of $350.00, we note that nowhere in the information nor proof do we find any allegation nor statement that Mr. Gray relied upon said statements, nor any of them.

As to the third ground alleged, such has given us some concern, that is that it was necessary for Mr. Gray to give appellant $35.00 for the purpose of paying for the deed and abstract to such two lots, and for the surveying and platting of said two lots. Mr. Gray testifies that the transaction had with appellant took place on November 20, 1936, and that at that time he received a memorandum of lot sale, and that both he and appellant signed the same, and such was introduced in evidence by the State. It is as follows:

"North Side Addition. Unit One
"Memorandum of Lot Sale.
"Presidio, Texas, Nov. 20, 1936.

"Purchaser J J Gray and Permelua (his wife) Wilson, Rt. No. 1, Lynn County, Texas. Lot No. 19-20 Block No. 12 In North Side Addition to Presidio, Texas. Price $37.50, Cash Paid $35.00. Balance Payable $     Paid in Full. Per

Month. Beginning with Paid in Full 193___, Purchaser agrees to the terms and conditions set out on back hereof.

"N. Baum, Salesman.

"J. J. Gray, Purchaser.

"Make all remittances on this contract to Baum-Perry Co. at Presidio, Texas.

"(On Back)

"Guaranteed Title. Sellers will upon final payment furnish Warranty Deed and Abstractors Certificates showing title to be clear of encumbrances. Taxes for the year in which this contract is dated to be paid by sellers. No interest on deferred payments. * * * BAUM-PERRY CO., PRESIDIO, TEXAS," and other matters not pertinent hereto.

It may be inferred that a deed was executed by appellant's company on November 25, 1936, and a "certificate of title" was issued and received by Mr. Gray on February 15, 1937, and at the same time a deed was executed to Mr. Gray and wife to lots 19 and 20 in block 12, in said North Side Addition to take the place of an earlier deed dated November 25, 1936, which was said to have been lost. Under the State's proof it is shown that the appellant did all that he contracted to do, and the only question left in the case is as to whether or not it was necessary to expend $35.00 for the above alleged purposes. The burden of proof to establish such lack of necessity was upon the State. We are unable to find any indication in the record where the State discharged such burden. We do find some proof where two witnesses, who lived in Lynn County, went down to the town of Presidio and were unable to locate said Addition, but nowhere does the information allege that such lots did not exist; instead we find testimony of witnesses who say such lots do exist and can be located on the ground, and we think in any event that the existence or non-existence of such lots would not constitute swindling under the allegations contained in the information.

As to whether there existed a necessity for the expenditure of $17.50 each for said lots to be surveyed, platted, deeded and abstracted, we find no proof relative thereto. We do find that on the day Mr. Gray paid the money over to appellant that Gray signed and received this memorandum of lot sale, which stated that same was subject to the terms and conditions on the back thereof, and we find on the back thereof the following: "Guaranteed Title. Sellers will upon final payment furnish Warranty Deed and Abstractors Certificates showing title to be clear of encumbrance." We find from the record evidence

introduced by the State that which purports to be a certificate of title by Western Abstract Company, by J. O. Perry, Manager, certifying such title to be free of encumbrance. The State also introduced a warranty deed from the Baum-Perry Co. conveying the lots in question to J. J. Gray and wife. As to what the cost of the deed and certificate of title, the proof is silent, and as to whether any surveying or platting was done and what its cost was, it is also silent. It may have cost $35.00 or it may not have done so; it was the duty of the State to show that such amount was not necessary to procure such things to be done. It has not done so.

In the condition in which we find this record we are of the opinion that the evidence is not sufficient upon which to predicate a judgment of conviction, and this cause is reversed and remanded.

*Reversed and remanded.*