## UNITED STATES v. THREE CADILLAC COUPES et al.

No. 11637.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1946.

Brian S. Odem, U. S. Atty., and Joseph W. Cash, Ass't U. S. Atty., both of Houston, Tex., and Charles C. Bowie, Asst. U. S. Atty., of Brownsville, Tex., and Wm. Fred Leigh, Asst. U. S. Atty. of Houston, Tex., for appellant.

M. J. Raymond, of Laredo, Tex., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment restoring to claimants three Cadillac Coupes and one Ford Panel-Body Truck seized by the Collector of Customs at Laredo, Texas, on the ground that they were about to be transported from the United States to Mexico in violation of the Export Control Act of 1940, 50 U.S.C.A.Appendix, § 701. Seizure was made and libel proceedings for condemnation instituted under the provisions of the Espionage Act, Title 6, § 1 et seq., 22 U.S.C.A. §§ 401–408. A trial was had, and the court, without passing on the merits, ordered restoration of the vehicles to the claimants on the ground that warrant for further detention of the seized property had not been applied for within ten days after seizure as required by the statute, 22 U.S.C.A. § 402.

In the court below there was a consolidation of two actions for trial, cause 202 and cause 204. Judgment of restoration of the vehicle involved in cause 202 is not appealed from; the government conceding that timely application for warrant of detention was not made. The pertinent facts concerning the four vehicles involved in this appeal are these: Two of the Cadillac Coupes were found on October 29, 1942, at a garage in McAllen, Texas, by a Customs Agent, Aaron Quick, who instructed the garage operator to detain them. On October 30, 1942, the other Cadillac Coupe was found in another garage in McAllen, Texas, and was detained, apparently by this same Customs Agent. On November 7, 1942, the Ford Panel-Body Truck was found in a garage in Roma, Texas, and was detained by Customs Agent Quick. On November 30, 1942, A. R. Kahn, Assistant Collector of Customs at Laredo, Texas,

formally seized the vehicles, and on December 8, 1942, filed application for a warrant of further detention in the District Court. The warrant for further detention was signed by the district judge and filed on December 8, 1942.

The question for decision is whether the detention of the vehicles by the Customs Agent was an effective seizure under the statute which would start the running of the ten days in which application for a warrant of further detention must be made. The court below [62 F.Supp. 631, 634] found that the "stay or hold order" of Customs Agent Quick was a seizure within the contemplation of the statute, and that the Assistant Collector of Customs had also "adopted the seizure" made by Quick and that such adoption was retroactive. Cf. Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392; United States v. Story, 5 Cir., 294 F. 517. The holding of the trial court was error.

The statute provides that "It shall be the duty of the person making any seizure under sections 401–408 of this title to apply, with due diligence, * * * for a warrant to justify the further detention of the property so seized, * * * and if the judge refuses to issue the warrant, or application therefor is not made by the person making the seizure within a reasonable time, not exceeding ten days after the seizure, the property shall forthwith be restored to the owner or person from whom seized." 22 U.S.C.A. § 402. The statute, § 401, specifically names the persons who are authorized to make seizures in cases such as this. They are "the several collectors, comptrollers of customs, surveyors, inspectors of customs, and marshals and deputy marshals of the United States, and every other person duly authorized for the purpose by the President." An Assistant Collector of Customs falls within the statutory designation, "collector of customs". 19 U.S.C.A. § 1401(h).

The provisions of the cited statute must be strictly met, and the person seizing property must be one duly authorized and he must make application within ten days after seizure for a warrant of further detention of the property. Customs Agent Quick, an investigative officer of the Customs Agency Service appointed by the Secretary of the Treasury of the United States and not by the President, is not a "person" authorized by the statute to make an effective seizure such as would bind the government and cause the ten days limitation period for application for a warrant of further detention to begin to run. The ten days began to run only when there was an effective seizure by the Assistant Collector, a duly authorized person, on November 30, 1942. The application made by the Assistant Collector on December 8, 1942, was therefore made within the ten days limit provided by the statute. The application for warrant of further detention having been timely filed and warrant issued, it was error to restore the vehicles to the claimants. United States v. 21 Pounds, 8 Ounces, of Platinum, 4 Cir., 147 F.2d 78.

That portion of the judgment appealed from is reversed and the cause is remanded for further proceedings and decision on the merits.

Reversed and remanded.