### RIMMER v. UNITED STATES.
#### No. 12510.

United States Court of Appeals
Fifth Circuit.
Feb. 25, 1949.

T. Gilbert Sharpe, of Brownsville, Tex., for appellant.

Brian S. Odem, U. S. Atty., and William R. Eckhardt, III, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Filed under Sec. 404 of the Espionage Act[1] for the forfeiture of an automobile, the libel alleged that it had been seized under Sec. 401 of the Act from one Rimmer; that he was then and there exporting and intending to export and attempting to ship it from, and take it out of, the United States; and that it was, therefore, forfeit.

The claimant Rimmer, denying that he was exporting or about to export the automobile when it was seized, opposed the forfeiture on the added grounds that the application for warrant for further detention, which is provided for in Sec. 402 and there made a condition precedent for filing the libel provided for in Sec. 404(a), (1) was not made within the time prescribed in Sec. 402; to-wit, "a reasonable time, not exceeding ten days"; and (2) was not made by the proper person making the seizure as provided in that section.

The evidence[2] concluded and the motion for directed verdict of government and

---

[1] Secs. 401–408, Title 22 U.S.C.A.

[2] The basic facts of the case may be thus stated:

On Feb. 2, 1947, appellant drove his Cadillac automobile up to the United States Customs Inspection Station at the Gateway Bridge in Brownsville, Texas. Upon being questioned as to his destination by a Customs Inspector, he replied that he wanted to meet his wife who was then in Mexico City. The Customs Inspector advised appellant that his papers were not in order, and requested appellant to park his car off of the road leading to the international bridge, which was done. Appellant then was taken to the Customs office across the road where his car was parked, and was interviewed by two other Customs Inspectors. The Customs Inspectors testified that appellant pulled out a roll of money, and, in effect, that they thought appellant was attempting to bribe them, but appellant vigorously denied such testimony, and said that he had only wanted and intended to take his car into Mexico legally, and thought that he could make a cash bond or deposit for that purpose.

Appellant's car was seized on that same day by Customs Inspectors, and since that date has been detained by the Government. The inspectors participating in the seizure of the automobile were Thomas L. H. Jennings, Henry Beebe, and Chief Inspector of Customs August F. Filippone.

The application for warrant of detention was made by Inspector of Customs Mike I. Cantu, and his affidavit shows that he is stationed at the Port of Laredo, Texas.

claimant, and claimant's request for charges, denied, the court took the jury's verdict on this single issue:

"Do you find from a preponderance of the evidence that the claimant, William Rimmer, did, at the time of the detention of the 1946 Cadillac in question, intend to take said automobile from the United States of America into the Republic of Mexico without first having obtained an export control license therefor?"

The jury having answered the question in the affirmative, there was a judgment of forfeiture.

Claimant, appealing from the judgment, is here assigning many errors. Of these, the one most vigorously urged is that the provisions of Sec. 402 [3] of the Act "warrant for detention of seized property" are mandatory and jurisdictional and that the warrant of detention was not applied for within the time or by the person required by law, and the libel ought, therefore, to have been dismissed and the car returned to him.

In the alternative, appellant insists that the libel did not allege, and the proof did not show that the automobile was "about to be unlawfully exported, shipped from, or taken out of the United States" within the meaning of Sec. 401 of the Act, and the judgment ought, therefore, to have been for claimant.

Finally, he insists that if neither of these positions is sound, the judgment should, nevertheless, be reversed for the errors, (1) of admitting the hearsay testimony of one Winters as to statements made to him by one Lovett after his arrest; (2) of submitting the cause to the jury on an incorrect issue; and (3) of refusing to submit it on the correct charges and issues asked by claimant.

On the first point, appellant and appellee are in complete disagreement as to every point of fact and law. Appellant insists that the seizure was made on Feb. 2, 1947, when the car was stopped and detained; appellee that it was not made until Feb. 10, 1947, when the application for a warrant for further detention was made by Mike Cantu, Inspector of Customs. Appellant insists that the application made by Cantu was not legal or proper since not he but other customs officers made the actual seizure on Feb. 2nd. Appellee insists that the stopping and detention of Feb. 2nd was not the seizure spoken of in the statute and

---

A subpoena was issued and served on Mike I. Cantu on the Government's request. The District Attorney indicated Cantu would be a Government witness, but he was not called to testify in the case.

The record does not show the exact date when this application for warrant of detention was made, but the order for same was not granted until Feb. 13, 1947.

Said application for warrant of detention alleged that the seizure of appellant's automobile was made by Inspector of Customs Mike I. Cantu on Feb. 10, 1947. The application for warrant of detention was sworn to eight days after the seizure of appellant's automobile by Inspector Cantu at Loredo, Texas, but it was not presented to or acted upon by the Court until Feb. 13, 1947, at Houston, Texas, and it was marked, "Filed Feb. 13, 1947."

[3] "§ 402. Same; warrant for detention of seized property

"It shall be the duty of the person making any seizure under sections 401–408 of this title to apply, with due diligence, to the judge of the district court of the United States, or to the judge of the United States district court of the Canal Zone, having jurisdiction over the place within which the seizure is made, for a warrant to justify the further detention of the property so seized, which warrant shall be granted only on oath or affirmation showing that there is known or probable cause to believe that the property seized is being or is intended to be exported or shipped from or taken out of the United States in violation of law; and if the judge refuses to issue the warrant, or application therefor is not made by the person making the seizure within a reasonable time, not exceeding ten days after the seizure, the property shall forthwith be restored to the owner or person from whom seized. If the judge is satisfied that the seizure was justified under the provisions of sections 401–408 of this title, and issues his warrant accordingly, then the property shall be detained by the person seizing it until the President, who is hereby expressly authorized so to do, orders it to be restored to the owner or claimant, or until it is discharged in due course of law on petition of the claimant, or on trial of condemnation proceedings, as provided in sections 403–408 of this title."

that this was not made until Cantu made it on February 10th. Appellant insists that the warrant for further detention was not applied for until Feb. 13th, when the court acted on it, and that this was one day late. Appellee insists that the application must be considered to have been made on February 10, 1947, the day it was sworn to, and, if not, since the precise date on which it was actually presented to the court does not appear in the record, it will be presumed in support of the court's detention order that it was timely presented and not acted on until the 13th, since the 12th was a national holiday.

Finally, appellee insists that if the ten days fixed in the statute did commence to run from Feb. 2nd, the day the car was first detained, and if it was not presented until Feb. 13th, the day it was granted, this would not effect the jurisdiction of the court in the libel suit. This attached upon the filing of the libel on April 16, 1947, while the car was still in detention, and the judgment refusing to dismiss the libel was right and should be affirmed.

Appellant, in support of his contention that the ten day period fixed was jurisdictional, relies heavily on United States v. 21 Lbs. of Platinum, 4 Cir., 147 F.2d 78; and United States v. Three Cadillac Coupes, 5 Cir., 157 F.2d 792.

The United States insists that what was said in these cases as to the necessity for compliance with the ten day period was not decision but discussion and dicta since in both of these cases it was held that the applications had been filed within ten days. In emphasis of its position that if there was failure to comply with the time provisions of Sec. 402, this did not deprive the court of jurisdiction to proceed with the libel, it points to the express provision of Sec. 401 authorizing seizure and forfeiture of war materials about to be unlawfully exported "if upon due inquiry as provided in secs. 402-408, the property seized shall appear to have been about to be so unlawfully exported, shipped from, or taken out of the United States." It points, too, to the provision of Sec. 403 authorizing a person whose property has been seized to petition the court for its restoration, "at any time before condemnation proceedings

*have been instituted*" (emphasis supplied). Finally it points to Sec. 404 providing that whenever the person making any seizure applies for and obtains a warrant for the detention of the property and (a) upon the hearing and determination of the petition of the owner or claimant, restoration is denied, of (b) the owner or claimant fails to file a petition for restoration within thirty days after the seizure, "the United States attorney * * * shall institute libel proceedings * * *".

So pointing, it insists that the provisions of Sec. 402 for applying for a warrant of further detention are not designed to fix limits to the jurisdiction of the libeling court, but are designed (1) to compel the seizing officer to proceed promptly and (2) to give a right to the claimant before, but not after, a libel has been filed, to obtain his property back by petition for restoration if such prompt action is not taken.

We agree with appellant that the seizure was made on February 2nd, and the application for the warrant was not made until Feb. 13th, but we cannot agree with him that these facts require a dismissal of the libel or the return of the automobile. For we agree with the United States that the application for the warrant was timely filed and by a proper person.

Appellant concedes that if February 12th, Lincoln's birthday, can be excluded from the computation, the application was within ten days, and that Rule 6, Federal Rules of Civil Procedure, 28 U.S.C.A., if applicable, provides for such exclusion. He insists, however, that the proceeding is in admiralty until after the filing of the libel and that Rule 6 does not apply.

We cannot agree with this view. In Reynal v. United States, 5 Cir., 153 F.2d 929, 931, on the authority of 443 Cans of Frozen Egg Products v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174, we declared:

"We agree with the government that, except as to filing the libel and obtaining jurisdiction, admiralty procedure does not apply."

It is true that in the following sentence we did use the word "after", but this, as a reading of Reynal case and the case cited

shows, was a mere inadvertence. In the Frozen Egg Products case, supra, the court said [226 U.S. 172, 33 S.Ct. 52]:

"Under this statute it has been uniformly held that the district court, as to seizures on land, proceeds as a court of common law, with trial by jury, and not as a court of admiralty."

Under the express provisions of Rule 6, the application was filed in time.

■ We agree with appellee, too, that if there was failure here to comply strictly with the time provision of Sec. 402, that will not deprive the court of jurisdiction to proceed for here the warrant for further detention was applied for and issued almost within the ten days, and, no petition for restoration having been filed within thirty days or ever, a libel was actually filed.

In United States v. 21 Lbs. of Platinum, 4 Cir., 147 F.2d 78, the owner had filed a petition for restoration, as provided in Sec. 402, before condemnation proceedings were instituted. In United States v. Three Cadillac Coupes et al., 5 Cir., 157 F.2d 792, in which it was claimed that the application for warrant for further detention was not filed until fifteen days after the seizure, the facts were that the petition for restoration of the property was filed on January 9, 1943, and the the libel was not filed until September 17, 1943, nearly a year later. Under these circumstances, the petition for restoration having been filed long before the libel, the court correctly stated that failure to timely comply with the provisions for application for a warrant for further detention would have required restoration of the car.

■ The purpose and effect of the time provision of Sec. 402 is not to fix limits to the jurisdiction of the libeling court but to compel the seizing officer to proceed promptly and to give claimant a right to apply for and obtain his property back if such prompt action is not taken and a libel is not filed.

■ The other point, that because Cantu did not make the original seizure, he could not apply for the warrant, is no better taken. The obligation upon the person making the seizure to apply with diligence for a warrant of detention is not a personal obligation requiring personal discharge. It is an official obligation which can be discharged as well by any other of the officers mentioned in Sec. 401 as by himself.

■ Appellant's second general point, that the libel did not allege, and that the proof as matter of law failed to show, that the automobile was about to be taken to be exported, is equally without merit. The allegation of the libel that Rimmer was exporting and intending to export and attempting to ship the car out of the United States, while not in the precise words of the statute, was certainly sufficient on an actual trial to present the issue tendered.

■ Claimant joined issue with the libel and introduced evidence in support of his claim that the automobile was not about to be taken out. The Reynal case, supra, invoked by appellant is not in point. There, as the opinion plainly pointed out, the judgment was by default, and the allegations relied on were not as of fact but as of the belief of the agent that there was probable cause for the belief that the articles were about to be exported.

Upon the point of the proof, while we can not agree with appellee that a case for forfeiture was made out as matter of law, neither can we agree with appellant that as matter of law no case was made out and his motion for directed verdict should have been granted.

■ On appellant's third point, however, that the statements of Lovett made after he had been apprehended and charged, and had admitted that he was intending to violate the law, were not admissible hearsay, we agree with appellant.

Assuming that Lovett was a co-conspirator with claimant so that his statements made in the course of the carrying out of the conspiracy would have been admissible against claimant it is too well settled to require citation of authority that statements made not in the course of the carrying out of a conspiracy but by way of confession after arrest are not admissible, and for this error, which was highly prejudicial, the judgment must be reversed.

As to the claimed error in the submission of the issue for which our case, One Plymouth Automobile. v. United States, 5 Cir., 165 F.2d 186, is cited, we do think it would have been better to couch the issue in the language of the statute. We think, however, that it sufficiently presented the statutory question, whether the property was about to be unlawfully exported, shipped from, or taken out of the United States. On another trial the issue can and should be phrased in the statutory form rather than in the form adopted to remove all possible question as to whether the jury finding was merely of a general intention at some time to take the property out of the United States, or was that it was about to be taken out. Cf. One Plymouth Automobile v. United States, supra.

The judgment is reversed for further and not inconsistent proceedings.