**WESTFALL OLDSMOBILE, Inc., Claimant, etc., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16346.**

United States Court of Appeals Fifth Circuit.

April 26, 1957.

Horace C. Hall, Horace C. Hall, III, Hall & Hall, Laredo, Tex., for appellant.

Minor Morgan, Asst. U. S. Atty., John C. Ford, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

The facts underlying this proceeding and appeal may be thus summarized. United States Customs Agent, Tom B. Wagner, received information at Laredo, Texas, on January 19, 1956, relating to the 1955 Oldsmobile Sedan in question. Agent Wagner observed the automobile coming from Mexico and followed it for a time but lost contact. He afterward arranged for a statewide lookout through the Texas Department of Public Safety. At about 1:00 A.M. the following day City of Cleburne Police Officer, Thomas E. Kirkpatrick, apprehended the automobile at Cleburne, Johnson County, Texas, within the Northern District of Texas, arrested the occupants and notified Agent Wagner. He removed a sack from the car, which contained a substance, which he caused to be examined by J. D. Chastain, Chief Chemist and Toxicologist of the Texas Department of Public Safety, who found the substance to be marihuana. Agent Wagner proceeded to Cleburne on the day of the arrest and questioned the four occupants and made demand on all four of them, including Debenham, to produce evidence of payment of the tax, which they failed to do. Agent Wagner also seized the car. The automobile was thereafter removed in Federal custody to San Antonio, Texas, for storage there. Leave

for filing the libel was granted by the United States District Judge. On the trial the appellant, which by leave filed a claim in the proceeding, offered evidence in an effort to show that Debenham, one of the occupants, had acquired possession of the automobile from claimant illegally by swindling under the State statute.

At the conclusion of the trial, a judgment of forfeiture was entered and claimant-intervenor, appealing therefrom, is here making many claims of error and pressing them upon us with earnestness and devotion. Giving lip service to the settled principle of law, by stating in its brief that it realizes "that a libel need not be as exact as an indictment", appellant nevertheless presents its case here as though the burden was on the libelant to allege in the libel and show in its proof facts almost, if not quite, sufficient to sustain a conviction. In so urging, its argument runs counter to the settled law established in this circuit and elsewhere.

In the leading case in this circuit, Dean & Co. v. United States, 171 F.2d 468, 469, this court, after stating that the evidence amply supported the finding that the heroin was contraband and that it was being illegally transported in the car, went on to say, "Besides we agree with the district judge that Section 1615, Title 19 U.S.C.A. applies here, and that, probable cause for the seizure having been shown, a sufficient prima facie case was made out to cast the burden on claimant. Claimant, offering no evidence except that it owned a chattel mortgage on the car, made no effort whatever to sustain the burden thus cast upon it."

In the later case from this court of Associated Inv. Co. v. United States, 220 F.2d 885, at page 887, a case where an automobile had been forfeited for having been unlawfully used in concealment and possession of contraband, viz., marihuana, the court said:

"Once probable cause for the institution of the libel has been shown, as it has in this case, a claimant other than a common carrier may have the forfeiture remitted as of right *only if he shows by a preponderance of the evidence that the violation was committed while the car 'was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws * * *.' The car is forfeited under the statute if the claimant does not sustain this burden of proof." Citing numerous cases.* (Emphasis supplied.)

▆▆▆ While claimant appellant does in its first point undertake to show that it met the burden of proof thus imposed upon it by a showing of the circumstances under which the automobile was acquired from it by Debenham, its main effort proceeds upon the erroneous assumption, that the libel of information must allege with the particularity of an indictment the facts on which the claim of forfeiture is based and that, notwithstanding the overwhelming proof of probable cause, it can hold the government to strict proof against the car as though the libel were an indictment and the forfeiture a conviction of the driver of the car.

We take up then for consideration the only two points which, in view of the overwhelming proof of probable cause are open to appellant, one that the car was acquired in violation of the Texas statute[1] against swindling, and the other attacking the jurisdiction of the court over the subject matter of the libel because the car when libeled was in the Western District of Texas, to say of

1. Article 1545 of the Texas Penal Code, which reads as follows:
   "'Swindling' is the acquisition of any personal or moveable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same. Acts, 1858, p. 183."

them that, for the reasons hereafter briefly stated, neither is well taken.

■■ The Swindling statute is aimed at the acquisition of property by criminally deceitful pretenses which were relied on by the person swindled and were the inducement that moved such person to part with his property. Whitley v. State, 90 Tex.Cr.R. 503, 236 S.W. 470; Baum v. State, 133 Tex.Cr.R. 349, 111 S.W.2d 278. A careful examination of the testimony offered to support the charge in the light of the facts: that a great part of it was conclusion and hearsay; that according to claimant's own testimony, a considerable part of the information furnished in the statement complained of was reliable; and that the materiality of the part claimed to be unreliable was not shown; leads us to the firm conclusion that the evidence amply supported the finding implied in the judgment for forfeiture, that the claim that the possession of the car was obtained by swindle within the statute was not made out. Indeed, a consideration of the testimony of claimant's witness, Palmer, as a whole indicates that the reliance was on the cash payment and the word from the buyer's employer and that his apprehensions and suspicions were aroused by the report received on January 20, some fifteen days afterward, that a car with the Westfall insignia on the back had run off and left some of the Federal men in Laredo, and was therefore in the hands of law violators. The testimony of the detective Cobb is made up entirely of hearsay and conclusion, and we do not think it can be contended that the evidence required a finding that the possession of the car was obtained by a swindle within the statute.

■ On appellant's main point, that the court was without jurisdiction of the automobile, it will be noted: (1) that 28 U.S.C. § 1395(b) reads as follows: "Civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found"; (2) that the automobile was found and seized in the Northern District of Texas, and there taken into custody; (3) that thereafter under the authority of Art. 1605, Title 19 U.S.C.A., the property was stored in San Antonio; (4) that later, on the filing of the libel, a formal seizure was effected on order of the district court by the marshal of the Western District of Texas, to which the district court had authority under Rule 4, Federal Rules of Civil Procedure, 28 U.S.C., to issue its process and the seizure, being on land,[2] was entirely valid to confer jurisdiction upon the seizing court. Fettig Canning Co. v. Steckler, 7 Cir., 188 F.2d 715, on which appellant relies does not support the contention he makes here. There the question was whether, where goods had been seized within the jurisdiction of a Missouri District Court, the case should be ordered transferred to the Southern District of Indiana, and the court held that the goods having been seized in Missouri, the Missouri court was the only court which had, or could acquire, jurisdiction.

■ It is true that in the course of that decision the court did say that a United States District Court could not issue process beyond the limits of the district, but this must be construed in the light of the facts that the two districts in question were in different states.

The claimant having failed to sustain its burden, the judgment of forfeiture is affirmed.

2. Rimmer v. United States, 5 Cir., 172 F.2d 954; Eureka Productions, Inc., v. Mulligan, 2 Cir., 108 F.2d 760.